# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

EDDIE LEE HAWKINS,                                                                                    PLAINTIFF

v.                                          2:18cv00130-BSM-JJV

NANCY A. BERRYHILL,
Acting Commissioner of Social Security                                                      DEFENDANT

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

# INSTRUCTIONS

This recommended disposition has been submitted to Chief United States District Judge Brian S. Miller. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

# RECOMMENDED DISPOSITION

Plaintiff, Eddie Hawkins, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits. Both parties have submitted appeal briefs and the case is now ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see*

*also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff was fifty-eight at the time of the administrative hearing. (Tr. 41.) He testified that he went as far as the twelfth grade in school. (*Id.*) Mr. Hawkins has past relevant work as a material handler. (Tr. 22.) The Administrative Law Judge[2] (ALJ) found Mr. Hawkins has a combination of "severe" impairments, (Tr. 15), but did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 15-18.)

---

[2]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

The ALJ determined Mr. Hawkins had the residual functional capacity (RFC) to perform a reduced range of medium work. (Tr. 18.) Given this RFC, Mr. Hawkins is no longer able to perform his past relevant work. (Tr. 22.) Therefore, the ALJ employed the services of a vocational expert to determine whether jobs existed that Mr. Hawkins could perform despite his impairments. (Tr. 41-48.) Based in part on the vocational expert testimony, the ALJ determined that Plaintiff was capable of performing the jobs of driver helper sales route and hand packer. (Tr. 23.) Accordingly, the ALJ determined Mr. Hawkins was not disabled. (Tr. 23.)

In support of his Complaint, Mr. Hawkins argues that, while giving great weight to the opinions of Gary P. Nunn, Sr., M.D., the ALJ failed to fully incorporate all of Dr. Nunn's findings when determining his RFC. (Doc. No. 13 at 7-9.) Specifically, Plaintiff says the ALJ failed to consider Dr. Nunn's limitation on standing and walking without interruption, balancing, driving, and environmental restrictions.

With regard to Dr. Nunn, the ALJ stated:

> As for the opinion evidence, the undersigned gives great weight to the opinion of consultative examiner, [Gary P. Nunn, Sr., M.D.]. Dr. Nunn opined that the claimant could lift and carry 50 pounds occasionally and 20 pounds frequently. He could stand and walk for 3 hours and sit for 8 hours during the workday. He also opined that the claimant did not need a cane for ambulation. Dr. Nunn did not report that the claimant was using a cane at the examination and further opined and that the claimant had no problems using his hands or feet. This opinion is consistent with Dr. Nunn's objective examination, which had normal findings, and with other evidence in the record including mild findings on diagnostic tests, and physical exams. Given the claimant's unremarkable physical exams, the undersigned further found that the claimant could stand and walk for six hours in a workday. As such, the undersigned assigns this opinion great weight.

(Tr. 22 (citation omitted).)

In carefully reviewing the ALJ's assessment of this evidence, I find no error. An ALJ is not required to adopt all of a doctor's findings when assigning that doctor's opinion great weight.

3

Furthermore, the ALJ stated, "Given the claimant's unremarkable physical exams, the undersigned further found that the claimant could stand and walk for six hours in a workday." (*Id.*) So, the ALJ gave specific consideration to the medical records and diagnostic tests and concluded Plaintiff could do more than what Dr. Nunn found. While this paragraph might have been drafted to read more clearly, the critical consideration is whether the ALJ's assessment is supported by substantial evidence. I find that it is.

Plaintiff also argues that the ALJ erred by discounting the opinions of his treating doctor, Yasir Afzal, M.D. (Doc. No. 13 at 10-12.) Plaintiff is correct that his treating doctor should generally be given deference. But after a close review of the records, I find the ALJ properly assessed the opinions of Dr. Afzal.

> The ALJ stated:
>
> The undersigned also gives little weight to the opinion of Yasir Afzal, M.D., Dr. Afzal opined that the claimant should be limited to a less than sedentary exertional level. This opinion is from January 2017, well after the date last insured. In fact, while Dr. Afzal reports that he started treating the claimant in the end of October 2014, which is only two months before the date last insured and does not give him the benefit of a longitudinal treatment record. Additionally, the only treatment notes from Dr. Afzal prior to the date last insured concern the claimant's diabetes and hypertension and make no mention of back pain. Because there are no records to support his corresponding limitations, the undersigned gives this opinion little weight.

(Tr. 21-22 (citations omitted).)

> The United States Court of Appeals for the Eighth Circuit has reiterated:
>
> Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight. *Id.* "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman*

4

*v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

Plaintiff makes a good point about the dates of consideration and the application of different standards to the various doctors' opinions. However, I am unable to conclude this is reversible error. Given Dr. Afzal's treatment notes, (Tr. 347-99, 409-417, 423-456), I find the ALJ could rightly discount the Dr. Afzal's medical source statement. (Tr. 418-21.) The ALJ is correct that the treatment notes wholly fail to support a conclusion that Plaintiff is capable of performing less than sedentary work. Accordingly, the ALJ had fair reasons to discount Dr. Afzal's conclusions and could properly discount his Medical Source Statement.

With regard to the ALJ's hypothetical question posed to the vocational expert, for same reasons above, I find no error. While giving Dr. Nunn's opinion great credit, the ALJ simply did not exactly adopt all of his findings. I also find given the two jobs identified by the ALJ, there is no need for remand to resolve any potential conflict. Even if there was a conflict with the job of driver helper, the Commissioner is correct that any reversible error is avoided by the ALJ's identification of the job of hand packer. I find substantial evidence to support the ALJ's RFC assessment and conclusion that Plaintiff could perform the job of hand packer.

Counsel for both sides have done exemplary work on behalf of their respective clients. I am sympathetic to Mr. Hawkins's claims. I am certain he experiences some degree of pain and limitation. But the overall medical evidence provides substantial support for the ALJ's determination that he could perform work at the medium exertional level.

Plaintiff has advanced other arguments that I have considered and find to be without merit. It is not the task of this Court to review the evidence and make an independent decision. Neither

is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992). I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be affirmed, and Plaintiff's Complaint be dismissed with prejudice.

DATED this 8th day of July 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE